IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SD3, LLC<br>9564 S.W. Tualatin Road<br>Tualatin, Oregon 97062<br><br>  Plaintiff,<br><br>v.<br><br>JON W. DUDAS,<br>Director, U. S. Patent and Trademark Office<br>c/o Office of the General Counsel<br>Madison Building East, Room 10B20<br>600 Dulany Street<br>Alexandria, VA 22314<br><br>  Defendant. | **Civil Case No.** _____ |

## **COMPLAINT**

Plaintiff, SD3, LLC, makes the following complaint against Jon W. Dudas, Director of the United States Patent and Trademark Office:

### Jurisdiction and Venue

1. This court has jurisdiction and venue pursuant to 35 U.S.C. § 145.

### Parties

2. Plaintiff SD3, LLC is a limited liability company organized under the laws of Oregon with a principal place of business at 9564 S.W. Tualatin Road, Tualatin, Oregon 97062. SD3 is the owner by assignment of U.S. Patent Application Serial No.10/100,211, titled "Safety

Systems for Power Equipment" (the '211 patent application). The '211 patent application names Stephen F. Gass, David A. Fanning, J. David Fulmer and David S. D'Ascenzo as inventors.

3. Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, acting in his official capacity.

## The Action

4. This is a civil action against the Director of the U.S. Patent and Trademark Office to remedy a decision of the Board of Patent Appeals and Interferences (the Board) in connection with the '211 patent application.

5. The '211 patent application relates to safety technology for machines such as table saws. The safety technology detects an unsafe condition between a person and a cutting tool, such as accidental contact with the spinning blade of a table saw, and stops the cutting tool within 10 milliseconds after detection of the unsafe condition to mitigate any injury. Table saws incorporating this safety technology are being sold under the name "SawStop" and already those saws have saved the hands and fingers of hundreds of people.

6. The Board affirmed a rejection of the '211 patent application in a decision dated May 27, 2008.

7. Plaintiff is dissatisfied with the Board's decision and is filing this civil action to remedy the decision. The Board's decision misapplied the law of enablement and failed to consider evidence establishing the non-enablement of Friemann (US Patent 3,858,095).

8. Plaintiff has not appealed the Board's decision to the U.S. Court of Appeal for the Federal Circuit.

9. This complaint is being filed within two months of the Board's decision.

WHEREFORE, Plaintiff prays for a judgment:

1.  Reversing the May 27, 2008 decision of the Board;

2.  Adjudging that SD3 is entitled to receive a patent for the invention claimed in the '211 patent application and authorizing the Director to issue such patent on compliance with the requirements of law; and

3.  For such other relief as the court deems proper.

Dated: July 18, 2008

Respectfully submitted,

_____
Burt Braverman (D.C. Bar No. 178376)
Amber L. Husbands (D.C. Bar No. 481565)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-3402
(202) 973-4200
(202) 973-4499 facsimile

*Attorneys for Plaintiff SD3, LLC*